UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK and MARK LEYSE,<br><br>                                    *Plaintiffs*,<br><br>-against-<br><br>LAW BUSINESS RESEARCH LIMITED,<br><br>                                    *Defendant*. | 1:21-cv-5868<br><br>**COMPLAINT** |

## PARTIES

1. Plaintiff, Todd C. Bank ("Bank"), is a resident and citizen of the State of New York.

2. Plaintiff, Mark Leyse ("Leyse"), is a resident of the Southern District of New York and a citizen of the State of New York.

3. Defendant, Law Business Research Limited ("LBR"), is a private limited company organized and existing under the laws of England and Wales, and has its principal place of business at Meridian House, 34-35 Farringdon Street, London  EC4A 4HL, United Kingdom. LBR is, for purposes of 28 U.S.C. Section 1332, a citizen of the United Kingdom.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. Section 1332(a)(2).

5. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2).

## FACTS

6. LBR does business as, and operates, Lexology.

7. Lexology is a website whose internet address is www.lexology.com.

8. Lexology's target readership is persons throughout the English-speaking world who are interested in legal matters.

9. On or about May 26, 2021, LBR published an article on Lexology titled "Protect Your

1

Business from TCPA Call-Baiting!" (the "Article").

10. The Article stated:

> In a case captioned *Leyse v. Bank of America*, the Third Circuit Court of Appeals recently addressed one of the underhanded tactics that serial plaintiffs and their attorneys sometimes engage in: TCPA call-baiting. Call-baiting involves using false pretenses to generate calls and text messages, done to try to entrap telemarketers into violating the TCPA. Defending against TCPA claims can be hard enough when plaintiffs act in good faith, harder still when plaintiffs and their attorneys engage in schemes such as call-baiting.

11. "*Leyse v. Bank of America*" is *Leyse v. Bank of America National Association*, No. 20-1666, --- F. App'x ---, 2021 WL 1997452 (3d Cir. May 19, 2021) ("*Leyse*" or the "Decision").

12. The "TCPA" is, and is when used elsewhere herein, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

13. Leyse was the plaintiff in *Leyse*.

14. Bank was counsel to Leyse in *Leyse*.

15. According to the Decision, Leyse conducted an investigation (the "Investigation") as the result of a telephone call that Leyse had received and alleged, in *Leyse*, to have violated the TCPA (the "*Leyse* Call").

16. According to the Decision, the entirety of the Investigation had occurred after Leyse received the *Leyse* Call.

17. The Decision cannot be reasonably understood to mean anything inconsistent with that which is set forth in the preceding two paragraphs.

18. As a result of the *Leyse* Call, Leyse conducted the Investigation.

19. The entirety of the Investigation occurred entirely after Leyse received the *Leyse* Call.

20. Nothing in the Decision states or implies that Leyse had sought to "generate calls [or] text messages" by anyone.

21. Leyse did not seek to "generate calls [or] text messages" by anyone.

22. The Article's representation that, according to the Decision, Leyse had sought to "generate calls [or] text messages" by anyone was false.

23. Nothing in the Decision states or implies that Leyse had sought to "entrap" anyone "into violating the TCPA."

24. Leyse did not seek to "entrap" anyone "into violating the TCPA."

25. The Article's representation that, according to the Decision, Leyse had sought to "entrap" anyone "into violating the TCPA" was false.

26. The Article stated:

> In this case, Bank of America's call center company offered to place Leyse on the company's internal do-not-call list. Furthering his goal of employing call-baiting tactics to create TCPA claims, Leyse declined. [¶] Call-baiting is but one strategy that unscrupulous plaintiffs and attorneys use to manufacture TCPA claims. This type of fraud can put your company at risk of penalties on the order of hundreds of thousands of dollars.

27. Nothing in the Decision states or implies that Leyse engaged in "call-baiting" as the Article defined "call-baiting," that is, as the Article states, as conduct that "involves using false pretenses to generate calls and text messages, done to try to entrap telemarketers into violating the TCPA."

28. Leyse did not engage in "call-baiting" as the Article defined "call-baiting."

29. Nothing in the Decision states or implies that Leyse declined to be placed on the internal do-not-call list of Bank of America's call-center company in order to further his goal of engaging in "call-beating" as the Article defined "call-baiting."

30. Leyse did not decline to be placed on the internal do-not-call list of Bank of America's call-center company in order to further his goal of engaging in "call-beating" as the Article defined "call-baiting."

3

31. Nothing in the Decision states or implies that Leyse had sought to "manufacture TCPA claims" by engaging in "call-baiting" as the Article defined "call-baiting."

32. Leyse did not seek to "manufacture TCPA claims" by engaging in "call-baiting" as the Article defined "call-baiting."

33. Nothing in the Decision states or implies that Leyse declined to be placed on the internal do-not-call list of Bank of America's call-center company in order to "manufacture TCPA claims" by engaging in "call-baiting" as the Article defined "call-baiting."

34. Leyse did not decline to be placed on the internal do-not-call list of Bank of America's call-center company in order to "manufacture TCPA claims" by engaging in "call-baiting" as the Article defined "call-baiting."

35. Nothing in the Decision states or implies that Leyse committed "fraud" by engaging in "call-beating" as the Article defined "call-baiting."

36. Leyse did not commit "fraud" by engaging in "call-beating" as the Article defined "call-baiting."

37. Nothing in the Decision states or implies that Leyse declined to be placed on the internal do-not-call list of Bank of America's call-center company in order to commit "fraud" by engaging in "call-beating" as the Article defined "call-baiting."

38. Leyse did not decline to be placed on the internal do-not-call list of Bank of America's call-center company in order to commit "fraud" by engaging in "call-beating" as the Article defined "call-baiting."

39. Nothing in the Decision states or implies that Bank commanded, encouraged, required directed, instructed, aided, abetted, or requested Leyse to engage in any of the conduct with which the Article falsely charges Leyse.

40. The Article stated: "Mark Leyse is an investigator who worked (or works?) for prolific

TCPA litigator Todd Bank."

41.     Nothing in the Decision states or implies that Leyse was, as of the date on which the Article was published, a TCPA investigator.

42.     Leyse has not been a TCPA investigator since, at the latest, 2009.

43.     The Decision makes clear that each of the representations of which Leyse and Bank complain herein is not even arguably supported by any statements or implications of the Decision.

## CAUSE OF ACTION FOR DEFAMATION

44.     Leyse and Bank repeat and re-allege, and incorporate herein, each and every allegation contained in the preceding paragraphs herein.

45.     Each of the representations of which Leyse and Bank complain herein is false.

46.     The conduct with which the Article charged Leyse constitutes the serious and dishonest crime of fraud.

47.     The charges that Leyse engaged in the conduct with which the Article charged Leyse is of a nature that would tend to injure Leyse in his trade, business, or profession, which is that of an analyst, consultant, and writer regarding nuclear-power safety.

48.     The conduct with which the Article charged Bank constitutes the serious and dishonest crime of aiding and abetting fraud.

49.     The charge of aiding and abetting fraud that the Article made against Bank is of a nature that would tend to injure Bank in his trade, business, or profession, which is that of an attorney.

50.     The conduct with which the Article charged Bank constitutes a serious breach of attorney ethics.

51.     Each of the representations of which Leyse and Bank complain herein are defamatory *per se*.

5

52. Leyse's and Bank's reputations and good standing have been harmed.

53. Leyse and Bank have suffered embarrassment, humiliation, and emotional harm.

54. LBR acted maliciously, wantonly, and recklessly, and in willful disregard of Leyse's and Bank's rights.

55. Leyse and Bank each seek *per se* damages and actual damages, to be determined by the Court, of no less than $75,000.01.

56. Leyse and Bank each seek punitive damages, the amount of which is to be determined by the Court.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

(a) *Per se* Damages and actual damages, to be determined by the Court, of no less than $75,000.01 for each Plaintiff;

(b) Punitive damages for each Plaintiff, in amounts to be determined by the Court; and

(c) such other and further relief as the Court deems just and proper.

Dated: July 8, 2021

Respectfully submitted,

 *s/ Todd C. Bank*
TODD C. BANK,
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiffs*